UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOBBY A. LOMAX,

    Petitioner,

v.                                   CAUSE NO.: 3:22-CV-499-DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Bobby A. Lomax, a prisoner without a lawyer, filed a habeas corpus petition seeking to challenge his 85-year sentence imposed in 2002 by the Marion Superior Court for murder, carrying a handgun without a license, and being a habitual offender. (ECF 1.) This is not the first time he has challenged this conviction in federal court. In 2008, he filed a habeas petition challenging this conviction, which was dismissed as untimely.[1] *Lomax v. Superintendent*, 3:08-CV-507-JTM (N.D. Ind. closed Jan. 20, 2009). He appealed, but the Seventh Circuit denied his request for a certificate of appealability. *Id.*, ECF 17.

In 2019, he filed another habeas petition challenging this same conviction. *Lomax v. Superintendent*, 3:19-CV-254-PPS-MGG (N.D. Ind. closed Apr. 2, 2019). He was told that he could not pursue a second—or "successive"—petition challenging the same conviction without prior approval from the Seventh Circuit. *Id.*, ECF 2. Because he had not obtained such approval, the petition was dismissed for lack of jurisdiction. *Id.* Mr. Lomax has now

---

[1] A petition dismissed as untimely counts as a "prior" petition for purposes of 28 U.S.C. § 2244. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

returned with a third petition challenging his 2002 conviction, this time arguing that the habitual offender sentencing enhancement was unjustified.

As he was previously told, under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), he cannot proceed with a new habeas petition challenging his 2002 conviction unless he obtains prior authorization from the Seventh Circuit. 28 U.S.C. § 2244(b)(3)(A). There is no indication from his filing that he has obtained such authorization.[2] Because this court lacks jurisdiction to consider an unauthorized successive petition, the petition must be dismissed. 28 U.S.C. § 2244(a); *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

For these reasons, the petition (ECF 1) is DISMISSED for lack of jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED.

July 1, 2022                                          *s/ Damon R. Leichty*
                                                      Judge, United States District Court

---

[2] In fact, public court records reflect that after his second petition was dismissed, he sought permission from the Seventh Circuit to pursue a successive petition challenging the habitual offender sentencing enhancement, but his application was denied. *See Lomax v. Hyatte,* No. 19-2181 (7th Cir. July 17, 2019).